UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § <br> **VENTECH ENGINEERS LP et al.,** § <br> § <br> Debtors,[1] § <br> § <br> _____ § <br> **RODNEY D. TOW, CHAPTER 7** § <br> **TRUSTEE FOR THE ESTATES OF** § <br> **VENTECH ENGINEERS** § <br> **INTERNATIONAL LLC, VENTECH** § <br> **INTERNATIONAL PROJECTS LLC,** § <br> **and VENTECH ENGINEERS LLC,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **VENTECH INFORMATION SYSTEMS,** § <br> **INC.** § <br> **Defendant.** § | | **Case No. 17-33203** <br><br> **Jointly Administered** <br><br><br> **Adversary No. 19 -_____** |

**TRUSTEE'S COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS**

Plaintiff Rodney D. Tow (the "<u>Plaintiff</u>" or "<u>Trustee</u>"), Chapter 7 Trustee for the Estates of Ventech Engineers International LLC; Ventech International Projects LLC; and Ventech Engineers LLC ("<u>Ventech</u>" or "<u>Debtors</u>"), as Plaintiff in the above-captioned adversary proceeding, alleges the following upon knowledge, information, and belief:

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

## Jurisdiction and Venue

1. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 cases, *In re Ventech Engineers LLC*, Case No. 17-33206 (Bankr. S.D. Tex. [Houston Div.]); *In re Ventech Engineers International LLC*, Case No. 17-33210 (Bankr. S.D. Tex. [Houston Div.]); and *In re Ventech International Projects LLC*, Case No. 17-33228.

2. This bankruptcy case is jointly administered under the bankruptcy case styled as *In re Ventech Engineers, L.P. et al.*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, or relates to the Debtor's Chapter 7 case.

4. This proceeding is "core." 28 U.S.C. § 157(b)(2).

5. Under Federal Rule of Bankruptcy Procedure 7008, the Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

6. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

7. Venue is proper under 28 U.S.C. § 1409(a).

8. The statutory bases for this complaint are §§ 547, 550, and 502(d) of the Bankruptcy Code.

## Parties

9. Plaintiff is Rodney D. Tow, the duly authorized and acting Chapter 7 trustee of Ventech's estate.

10. Defendant Ventech Information Systems, Inc. is a Texas for-profit corporation. Based on Debtors' Statement of Financial Affairs, Defendant is an insider of the Debtors. The Defendant may be cited to appear by mailing a copy of the summons and complaint to its registered agent, Kreg N. Stanley, 2414 Toddville Rd, Seabrook, TX 77586.

### Factual Background

11. On May 26, 2017 ("Petition Date"), Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code which is jointly administered with the above-referenced chapter 7 case.

12. The Court appointed Rodney D. Tow Chapter 7 trustee for Debtors' estate on May 30, 2017.

13. Prior to the Petition Date, the Debtors maintained business relationships with various business entities—including vendors, creditors, and suppliers—and regularly received goods and services in support of its operations.

14. During the one-year period before the Petition Date (that is between May 26, 2016 and May 26, 2017) (the "Preference Period"), the Debtors continued to operate certain aspects of its business affairs, including the transfer of property either by check, cashier's check, wire transfers, or otherwise to various entities.

15. During the Preference Period, as Debtors' finances crumbled and creditors' losses grew, the Debtor paid Defendant an insider, large amounts totaling $483,028.71 (the "Preferential Transfers"). Specifically, Debtors made the following Preferential Transfers to the Defendant on the following antecedent debts:

**Ventech Engineers International LLC**

| Appx. Transfer Date | Invoice Number | Invoice Date | Amount |
| --- | --- | --- | --- |
| 06/02/2016 | 53116-IN | 05/31/2016 | $45,767.13 |
| 06/02/2016 | 2-IN | 06/01/2016 | $671.19 |
| 06/16/2016 | 0004828-IN | 05/26/2016 | $1,517.29 |
| 08/09/2016 | 0004848-IN | 06/24/2016 | $1,527.85 |
| 08/09/2016 | 51619-IN | 08/01/2016 | $28,046.56 |
| 08/09/2016 | 063016-IN | 07/11/2016 | $41,119.94 |
| 08/09/2016 | 51620-IN | 08/02/2016 | $38,983.11 |
| 08/08/2016 | 51625-IN | 08/04/2016 | $6,949.57 |
| 10/06/2016 | 51648-IN | 08/31/2016 | $59,941.90 |

| | | | |
|---|---|---|---|
| 10/06/2016 | 51654-IN | 09/20/2016 | $15,912.74 |
| 10/20/2016 | 51670-IN | 09/30/2016 | $34,625.82 |
| 11/03/2016 | 51676-IN | 10/06/2016 | $1,044.94 |
| 11/03/2016 | 51677-IN | 10/17/2016 | $2,433.62 |
| 11/17/2016 | 51684-IN | 10/31/2016 | $26,335.16 |
| 12/15/2016 | 51696-IN | 11/11/2016 | $4,219.59 |
| 01/12/2017 | 110-IN | 12/31/2016 | $21,966.81 |
| 01/26/2017 | 51703-IN | 11/30/2016 | $30,085.22 |
| 02/09/2017 | 128-IN | 01/20/2017 | $338.06 |
| 02/09/2017 | 139-IN | 01/31/2017 | $31,418.65 |
| 02/09/2017 | 130-IN | 01/20/2017 | $660.33 |
| 04/06/2017 | 2179-IN | 02/13/2017 | $86.60 |
| 04/06/2017 | 2186-IN | 02/28/2017 | $499.84 |
| 04/06/2017 | 20170228-IN | 02/28/2017 | $35,361.45 |
| 05/04/2017 | 20170204-IN | 03/20/2017 | $1,803.72 |
| 05/04/2017 | 124-IN | 03/31/2017 | $31,683.12 |
| 05/17/2017 | 20170274-IN | 04/30/2017 | $12,046.82 |
| | | **Total** | $475,047.03 |

**Ventech Engineers LLC**

| | | | |
|---|---|---|---|
| 09/22/2016 | 51626-IN | 08/04/2016 | $174.91 |
| 09/22/2016 | 51627-IN | 08/04/2016 | $558.68 |
| 04/06/2017 | 51685-IN | 11/01/2016 | $3,965.00 |
| | | **Total** | $4,698.59 |

**Ventech International Projects LLC**

| | | | |
|---|---|---|---|
| 11/03/2016 | 51656-IN | 09/20/2016 | $3,283.09 |
| | | **Total All Preferential Transfers** | $483,028.71 |

## COUNT ONE
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

16. The Trustee repeats and re-alleges the above paragraphs as if fully set forth herein.

17. Section 547(b) of the Bankruptcy Code authorizes a debtor, or a party acting on behalf of the estate, to avoid a transfer of any interest in the debtor's property, (a) to, or for the benefit of, a creditor, (b) for or on account of an antecedent debt owed by the debtor before the transfer was made, (c) made while the debtor was insolvent, (d) made within 90 days before the petition date or between ninety days and one year before the Petition Date, if such creditor at the

4

time of such transfer was an insider; (e) that enables the creditor to receive more than it would receive had (i) the transfer not been made; and (ii) the creditor received payment of the debt to the extent provided by the Bankruptcy Code.

18. The Preferential Transfers were transfers of an interest in property of the Debtors.

19. The Preferential Transfers were made on account of an antecedent debt owed by the Debtors before the Preferential Transfers were made, as further detailed above.

20. During the Preference Period, the Debtors made the Preferential Transfers to or for the benefit of the Defendant.

21. The Preferential Transfers were made within 90 days before the Petition Date or between 90 days and 1 year before the Petition Date.

22. At the time of the Preferential Transfers, the Debtors were, or were presumed to be, insolvent.

23. The Preferential Transfers enabled the Defendant to receive a greater recovery on the antecedent debt than Defendant would have received had the Preferential Transfers not been made and the Defendant received payment of the antecedent debts to the extent provided by the Bankruptcy Code.

24. The Defendant has not repaid all or a part of the value of the Preferential Transfers.

25. Therefore, the Preferential Transfers are avoidable under § 547(b) of the Bankruptcy Code.

### COUNT TWO
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

26. The Trustee repeats and re-alleges the above paragraphs, as if fully set forth herein.

27. Section 550 of the Bankruptcy Code provides that if a transfer is avoided under § 547 of the Bankruptcy Code, the Trustee may recover the property or the value of the property

transferred from the initial transferee, the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee.

28. The Defendant is the initial transferee for whose benefit the Preferential Transfer was made.

29. The Preferential Transfers or the value of the Preferential Transfers that are avoidable under § 547(b) of the Bankruptcy Code are therefore recoverable for the estate under § 550 of the Bankruptcy Code.

## COUNT THREE
### (Disallowance of Defendant's Claim Pursuant to 11 U.S.C. § 502(d))

30. The Trustee repeats and re-alleges the above paragraphs, as if fully set forth herein.

31. The Defendant is an entity from which property is recoverable under § 550 of the Bankruptcy Code or is a transferee of transfers avoidable under section 547 of the Bankruptcy Code.

32. The Defendant has not paid the amount or turned over any property transferred for which Defendant is liable under § 550 of the Bankruptcy Code.

33. Any filed or scheduled claim held by the Defendant is disallowed until Defendant pays in full or returns the property for which it is liable under § 550 of the Bankruptcy Code.

## PRAYER

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A. Determining that the Transfer is avoidable as a preferential transfer under 11 U.S.C. § 547(b) and that the Trustee entitled to recover the value of the Transfer under 11 U.S.C. § 550(a).

B. Directing the Defendant to pay the Trustee the value of the Transfer in the amount determined at trial, but not less than the amount set forth above, plus interest and costs of suit under 11 U.S.C. § 550(a).

C. Disallowing any Claim of the Defendant until the Transfer is repaid to the Debtor under 11 U.S.C.§ 502(d).

D. For such other and further relief as the Court deems just and proper.

Dated: May 24, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

By:    /s/ Charles M. Rubio
       Charles M. Rubio
       TBA No. 24083768
       crubio@diamondmccarthy.com
       Brian Raymond Hogue
       TBA No. 24094725
       bhogue@diamondmccarthy.com
       Two Houston Center
       909 Fannin, 37th Floor
       Houston, Texas 77010
       (713) 333-5100 Telephone
       (713) 333-5199 Facsimile
       *Counsel to Chapter 7 Trustee Rodney D. Tow*